UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRYCE WILLIAM MALCOLM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 08-0460 (ESH) |
| ) | |
| ALBERTO GONZALES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OPINION**

Petitioner raises, *inter alia*, a variety of jurisdictional challenges to his conviction in the United States District Court for the District of Nevada and alleges that his counsel was ineffective for failing to raise these jurisdictional issues.[1] After reviewing the petition, the Court concludes that the claims presented in the petition may be raised only in a motion pursuant to 28 U.S.C. § 2255. *See Taylor v. United States Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (holding that challenge to validity of petitioner's place of detention by attacking the constitutionality of the statute under which he was convicted and sentenced must be made under § 2255); *Pradeski v. Hawk-Sawyer*, 36 F. Supp. 2d 1, 2 (D.D.C. 1999) (federal prisoner who makes a collateral challenge to his conviction or sentence must file a motion pursuant to § 2255).

---

[1] According to the petition, petitioner was convicted in the United States District Court for the District of Nevada. *See* Pet. at 4 (page numbers designated by the Court). A copy of the criminal judgment attached to the petition states that petitioner was convicted in the United States District Court for the District of Nebraska. *See id.*, Attach. For purposes of this Memorandum Opinion, it is relevant only that petitioner's conviction was not in the United States District Court for the District of Columbia.

Such a motion must be made in the sentencing court. *Moore v. Smith*, No. 06-5078, 2006 WL 2036816, at *1 (D.C. Cir. July 6, 2006) (affirming district court's dismissal of habeas petition without prejudice for lack of subject matter jurisdiction where petitioner mounted collateral attack on his sentence); *Simmons v. Beshouri*, No. 06-0380, 2006 WL 751335, at *1 (D.D.C. Mar. 23, 2006) (dismissing challenge to petitioner's conviction posed in the guise of a conspiracy claim where motion under § 2255 is the only proper means for seeking relief).

Because this federal prisoner has filed his petition in the wrong court, the petition will be dismissed without prejudice. *See, e.g., Flores v. Mukasey*, No. 08-0387, 2008 WL 724019, at *1 (D.D.C. Mar. 17, 2008) (dismissing petition challenging conviction in the United States District Court for the Northern District of Texas); *Fuentes v. Attorney General for the United States*, No. 07-2158, 2007 WL 4270788, at *1 (D.D.C. Dec. 4, 2007) (dismissing petition challenging conviction in the United States District Court for the Northern District of Texas). An Order consistent with this Memorandum Opinion is issued separately on this same date.

                                                        /s/
                                      ELLEN SEGAL HUVELLE
                                      United States District Judge

DATE: March 26, 2008