UNITED STATES DISTRICT COURT
FOR THE
DISTRICT COURT OF COLUMBIA

**RECEIVED**

APR 0 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Bryce William Malcolm,

 Petitioner,

vs.

ATTORNEY GENERAL OF THE
UNITED STATES, et al.,

 Respondents.

No. 08-0460 (ESH)

MOTION FOR RECONSIDERATION
OF ORDER ON MEMORANDUM OPINION

 COMES NOW, Bryce William Malcolm, Pet., pro-se, in want of counsel, and respectfully moves this court to reconsider it's decision of March 26, 2008. Dismissing Petitioner's habeas application. This Court ruled in it's Memorandum Opinion that Petitioner's relief existed in filing a §2255, to challenge a judgment of conviction. Petitioner clearly challenges the condition of which he was incarcerated. Outlined in his Memorandum of Law with Incorporated Points and Authorities. Additionally, attached to the original filing Petitioner included an Administrative and Quasi-Judicial Notice for this Court to issue a Show Cause Order to the Respondents Placing the burden upon them to show cause why the writ should not issue.

### ARGUMENT

 Counsel for Petitioner failed ab initio to raise or challenge the fact that the Federal Statutory Provision under which the Petitioner was charged was never enacted by Congress, unpromulgated in the Federal Register and possessed no public implementing authority in the Federal Code of Regulation. The Petitioner would like

///// - 1

the record to reflect that the Federal Statutory Provisions under which he is charged, are in fact commercial regulatory statutes have not been promulgated in the Federal Register or the Code of Federal Regulations, as required under 44 U.S.C. §1505, et. seq., and 5 U.S.C. §601. Therefore, it is arguable that the court has jurisdiction to adjudicate sanctions for violations of unpromulgated regulatory statutes. The Petitioner thus advances with supporting authorities that no documentation can be shown that the enumerated subsections under which the accused party is charged, have published regulations, thus, these Federal Statutory Provisions under which the Petitioner is charged, lack the force and effect of law, when misapplied beyond parameters of Rule 54(c) - Acts of Congress, of Federal Rules of Criminal Procedure.

2.

In Foley Brothers v. Filardo, 336 U.S. 281 (1949), the high court stated, " It is well established as a principle of law, that all federal legislation applies only within the territorial jurisdiction of the (federal) United States unless contrary intent appears." In order for a contrary intent to be facilitated, delegations of authority and implementing regulations must be published in the Federal Register.

3.

Fortunately, there is a readily available method for disclosing which Statutes at Large, and which statutes contained within the 50 Titles of the United States Code, possess either restricted application or general applicability to the several States and the population at large. This method is through consulting the Federal Tables of Authority and Rules.

4.

In Morning v. Family Publications Service, Inc., 411 U.S. 356, 369 (1973). In the framework of criminal prosecution, unclarity

///// - 2

in the statute or a regulation issued thereunder, is, enough to resolve doubts in favor of the defendant.

5.

There are fatal defects in the Government's charging instrument: the defense counsel was ineffective in failing to raise or challenge the self-evident and self-declaring defect in the government's charging instrument. The Petitioner argues that an indictment which fails to allege all of the elements of the alleged offense is defective and must be dismissed, where one of the elements is crucial and is in fact in sine qua to the legitimate application of the subsequent charged offense. The charging of the Petitioners offense to an alleged violation of the Federal Interstate Commerce Statute, otherwise Federal Subject Matter Jurisdiction is missing. See, **United States v. Pupo**, 841 F.2d 1235, the Petitioner argues that an indictment fails to appraise the accused party of what he must be prepared to defend against. Accordingly, an allegation of Interstate Commerce is jurisdiction and as such is an essential element in appraising the Petitioner of the Grand Jury's authority to indict. The Constitutional rights of an accused are violated when modification, at trial or by Court of Appeals acts to broaden the charge contained in the indictment, such modification contradict the very purpose of the Fifth Amendment Grand Jury requirements. See, **United States v. Strone**, 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct. (expressing similar views). The failure of the government to include in the indictment any charge that the Petitioner's conduct affected Interstate of Intrastate, or any commerce was not cured by the citation of the Statutes. In the sufficiency of an indictment it is the statement of facts in the pleading rather than the Statutory Citation that is controlling. See, **United States v. Nuco**, 535 F.2d 1225 (9th Cir. 1976). It is elementary that every ingredient of the crime must be charged in the bill, with a general reference note provisions of the statute being insufficient. See, **Hale v. United States**, 89 F.2d (4th Cir.) and **United States v. Berlin**, 472

//// - 3

F.2d 1002, 1007 (2nd Cir. 1973), also <u>United States v. Beard</u>, 414 F.2d 1014, 1017 (3rd Cir.)  This indictment can be sustained even if the government alleged and proved that the offense had a nexus to commerce.  See, <u>United States v. Lopez</u>, at F.3d 1342.

6.

It is in this sense that the Tenth Amendment state but a truism "that all is retained which has not been surrendered." <u>United States v. Darby</u>, 312 U.S. 10, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430 (1941). As Justice Story put is, "... this amendment is a mere affirmation of what, upon any just reasoning is a necessary rule of interpreting the Constitution. Being an instrument of limited and enumerated power, that what is not conferred is withheld and belongs to the States authority," 3.j. Story Commentaries on the Constitution of the United States 752 (1833). The argument this Petitioner brings to this court is the Federal Government did not have jurisdiction over the geographical location wherein the alleged prohibitive activity took place, in land, which was never ceded to the United States, the interstate commerce element becomes essential to establish jurisdiction and prove every element of the offense. Applying the rational of the Supreme Court in <u>United States v. Mechanik</u>, 475 U.S. 66, 70, 106 S.Ct. 938, 941, 89 L.Ed.2d 50 (1989) and <u>United States v. Hooker</u>, 841 F.2d 1225, like the decision in Hooker cannot be applied here because the court did had no jurisdiction to try the Petitioner on a count which failed to expressley allege an effect on inter or intra-state commerce. Jurisdiction is lacking if the indictment did not allege a federal crime, by means of a connection with interstate commerce. This action by the prosecuter, would certainly deprive the Petitioner the basic protection, which the guaranty of the intervention of a Grand Jury was designed to secure. For the Petitioner could then be convicted on the basis of charges not found by and perhaps not even presented to the Grand Jury, which indicted him.

///// - 4

7.

There is no Amendment to the Constitution ratified by three-fourths of the sovereign states to provide for nationwide jurisdiction and application of which the party is charged.

8.

The undersigned committed no violations of the Federal Interstate Commerce Clause Statute, nor do the Federal Statutory Provisions under which he is indicted contain language which could interpose a commerce nexus. Thus, there is no showing of Federal Subject Matter Jurisdiction.

9.

The locus in quo where the alleged prohibitive acts of the undersigned took place is a geopgraphical location not within the legislative territorial or admiralty jurisdiction of the Federal Government.

WHEREFORE, the court should be compelled to find it does has jurisdiction in this instant matter, finding that the Petitioner committed no prohibitive acts within the legislative jurisdiction of the Federal United States, or within the reach of interstate commerce, therefore the Petitioner is unlawfully incarcerated and detained in violation of his secured Constitutional rights by way of judgment of the Court in want of jurisdiction.

THEREFORE, the must be released and discharged from Federal custody. In allowing the Government to address this argument presented, it should issue a SHOW CAUSE ORDER addressing why it should not issue a writ.

Date:    April 1, 2008                     Respectfully submitted

                                           _____
                                           Bryce William Malcolm

1111 - 5

UNITED STATES DISTRICT COURT
FOR THE
JUDICIAL DISTRICT OF COLUMBIA

Bryce William Malcolm,         §
                               §
        Petitioner,            §       No.  08-0460 (ESH)
                               §
vs.                            §
                               §
UNITED STATES OF AMERICA,      §       MOTION BROUGHT PURSUANT TO
                               §       Fed.R.Civ.P. 60(b)
        Respondents.           §
                               §

COMES NOW, Bryce William Malcolm, pro-se, (hereinafter "Petitioner"), in want of counsel, and moves for this Honorable Court of Judge Ellen S. Huvelle, to reconsider it's Order of March 26, 2008. In the Court's Memorandum Opinion and Order it failed to make it's ruling based on the entire brief:

> The Court, "May not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner," **Chatman-Bey v. Thornburgh**, 864 F.2d 804, 810 (D.C. Cir. 1988)(quoting: **Guerra v. Meese**, 786 F.2d 414, 415 (D.C. Cir. 1986)). It is established that writs of Habeas Corpus must be directed to the detainee's custodian in this case, the Warden at Englewood-FCI, located in Englewood, Colorado. See, **Guerra v. Meese**, 786 F.2d 414 at 416, (rejecting argument that Parole Commission, while responsible for appellee's [sic] continued detention, was their custodian for purpose of Habeas Corpus); **Connall v. Reno**, 896 F.Supp. 32, (D.C. 1995)(rejecting habeas corpus action brought against Attorney General and Director of Bureau of Prisons, rather than Petitioner's warden)(quoting, **Ledher v. Thornburgh**, 733 F.Supp. 454-55 (D.C. 1990)("The custodian is the person having day0to0day control over the prisoner.")

This Court does have personal jurisdiction over the Warden and the Petitioner, and accordingly may consider the Writ of Habeas Corpus, before this Court.

/////////

/////- 1   MOTION BROUGHT PUR. TO Fed.R.Civ.P. 60(b)

## ARGUMENT(s)

The relief the Petitioner seeks is provided under the Law of **Habeas Corpus**, in the Common Law, the Constitution and Statutes of the United States of America, and the Federal Civil Court Rules and Procedure. That the Petitioner herein, has been and is presently imprisoned and restrained of his liberty in violation of the rights thereof as set forth and guaranteed in the Constitution of the United States and Federal Laws made in conformance therewith.

That <u>Bryce William Malcolm</u>, Petitioner, herein, is incarcerated in the Federal Correctional Institution, Englewwod, Colorado, in violation of the Constitutional rights of the Petitioner herein as set forth, without restriction, in Article V, VI, VIII, and XIV in Amendment of the Constitution of the United States of America, as amended A.D. 1791.

That this Court has personal jurisdiction over the respondents' named in the caption area above in the nature of 28 U.S.C. §88; 49 Stat. 1921, June 1936 and the 80th Congress, House Report No. 308, it is shown that the district court of the United States for the District of Columbia, is a Constitutional Court, rather than a Legislative-Territorial Court, and therefore is duly empowered under the Constitution of the United States of America, as amended anno Domini 1791, and by way of an Act of Congress, to entertain the instant cause at bar, whereby the Petitioner invokes this Court's Original Jurisdiction.

That the relief sought herein, is provided for under the Common Law, the Constitution of the United States of America, as amended AD 1791, Article I §9 cl.2, and in the nature of 28 U.S.C. §2241.

The Honorable Court of Judge Huvelle has personal jurisdiction over the Respondents' in the caption area, supra. in the nature of D.C. Code §13-422, and 28 U.S.C. §1331, 1332, and 28 U.S.C. §2241, where both Respondent's have their principle place of business within the District of Columbia.

This Court is compelled to entertain the instant pleading as submitted and to not attempt to construe or convert the pleadings into any other statutory provision. See, **Adams v. United States**, DK. 97-2263 (2nd Cir. 1998), **United States v. Morgan**, 346 U.S. 502, 505 (1954); and **Benito Martinez vs. United States**, Dk. No. 07-0112-JR.

////////
///// -2 MOTION BROUGHT PUR. TO Fed.R.Civ.P. 60(b)

Some courts created by Acts of Congress have been referred to as a "Constitutional Court," whereas others regarded as "Legislative-Tribunals," 28 U.S.C. §88 District of Columbia-Courts, Act of June 7, 1934, 48 Stat. 926, and the Act of June 25, 1936, 40 Stat. 1921, provided that the Court of Appeals of the District of Columbia, the Supreme Court, and District Courts of the United States of the District of Columbia, are shown to be Constitutional Courts created under Article III of the Constitution. See, O'Donoghue v. United States, 289 U.S. 516 (1933), 77 L.Ed. 1335, 53 S.Ct. 74, Mookini v. United States, 303 U.S. 201 at 205 (1938), 82 L.Ed. 748, 58 S.Ct. 543. The **Federal Trade Commission v. Klesner**, 274 U.S. 145 (1927) and **Claiborne-Annapolis Ferry Co. v. United States**, 285 U.S. 382 (1932).

That the Petitioner is in custody for an act not done or committed in pursuance of an Act Of Congress, or an order, process, judgment, or decree of a court or judge of the United states. And he is in custody in violation of the Constitution and the laws and/or treaties of the United States (28 U.S.C. §2241(c)(2)(3)).

That the government has failed ab initio to establish Federal Subject Matter Jurisdiction, where it has failed to charge the sine qua non, an alleged violation of the Federal Interstate Commerce Statute, as a prerequisite to the subsequence charged offense[s].

That the Petitioner now shows this Honorable Court that the Federal Government lacked legislative, and Territorial jurisdiction over the locus in quo, and also lacked the Constitutional or Congressional authority to reach prohibitive acts alleged to be criminal in nature, which were committed well within the borders of the sovereign state of Texas.

In the United States, there are two separate and distinct kinds of jurisdiction. The jurisdiction of the states within their own territorial boundaries, and then Federal Jurisdiction. Broadly speaking, the state jurisdiction encompasses the Legislative power to regulate control and govern real and personal property, individuals, and enterprises within the territorial boundaries of any given state. In contrast, federal jurisdiction is extremely limited: In July of 1776, after declaring their independence, the new States possessed all their sovereignty, power, and jurisdiction over all soil and people in their respective territorial limits. This condition of supreme sovereignty of each state over all property and persons within the borders thereof continued notwithstanding the adoption of the Article of Confederation. In Article II, it

///// - 3  **MOTION BROUGHT PUR. TO Fed.R.Civ.P. 60(b)**

is expressly stated:

> "Each state retains it's sovereign freedom and independence, and every power, of jurisdiction and right which is not by this Confederation, expressly delegated to the United States, in Congress assembled."

The essence of the retention of each states jurisdiction is embodied in the Constitution at Article I, Section 8 Clause 17 of the Constitution of the United States of America, which reads as follows:

> "To exercise exclusive legislation in all cases over such districts (not exceeding Ten miles square) as may be session of particular states, and acceptance of Congress becomes the seat of the government of the United States, and to exercise the authority over all places purchased by the consent of Legislation of the states in which the same shall be for the erection of forts, magazines, arsenals, dockyards and other needful buildings."

The reason for the inclusion of this clause in the Constitution was and is obvious. Under the Article of Confederation, the states retained full and complete jurisdiction over lands and persons within their borders.

By "jurisdiction" is meant the authority of the federal courts to hear and decide a matter. Thus, it is even more correct to say that, "The federal courts have **no jurisdiction of Common Law offenses**, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principle of the Common Law of the Union which we (federal courts) can take jurisdiction." **State of Pennsylvania v. Whelling E. Building, Co.**, 13 How. (54 U.S.) 518, 563 (1851).

Where the instant matter is concerned, the accused committed no violation of any properly enacted and/or duly promulgated federal law within the legislative jurisdiction of the Federal United States, nor within the parameters defined under the implementing regulations for the Federal Sentencing provisions, thus, the sentencing provisions set out do not apply to the accused.

The court will find that the statutory provisions under which the U.S. District Court imposed the sentence against the accused (18 U.S.C. §3551), apply not to the Acts of Congress, which are applicable only in the District of Columbia.

///// - 4   MOTION BROUGHT PUR. TO Fed.R.Civ.P. 60(b)

The indictment of complaint can be invalid if it is not constructed in the particular mode or form prescribed by the Constitution or Statute (**42 C.J.S., 'Indictments and Information.' §1. pg. 833**). But it also can be defective and void when it charges a violation of a law, and that law is void, unconstitutional, unenacted, or mis-applied. If the charging document is void, the subject matter of a court does not exist. The want of a sufficient affidavit, complaint, or information goes to the jurisdiction of the court, .... and renders all proceedings prior to the filing of a proper instrument void ab initio. **22 Corpus Juris Seccundum, "Criminal Law," §324, pg. 390**.

The crux then of this whole issue of jurisdiction involves law, that is, the law claimed to be violated. If one is subject to a law, they are then under the jurisdiction of some authority. If a crime is alleged but there is no law to form the basis of that crime there is no jurisdiction to try and sentence one even though they are subject to the legislative body and the court. There has to be a law, a valid law, for Subject Matter Jurisdiction to exist. Laws which lack an enacting clause are not laws of the legislative body to which we are constitutionally subject. Thus, if a complaint or information charges one with a violation of a law which has no enacting clause, then no valid law is cited. If it cites no valid law then the complaint charges no crime, and the court has "No," Subject Matter Jurisdiction **to try the accused.**

> [N]o authority need to be cited for the proposition that, when a court lacks jurisdiction, any judgment rendered by it is void and unenforceable, ...and without any force or effect whatever. Hooker v. Boles, 346 F.2d 285, 286 (1965).

A judge or court may be in a legal sense immune from any claims that it is guilty of wrong because of its improper exercise of jurisdiction. However, it has no such protection where it lacks jurisdiction and the issue has been raised and asserted. When the lack of jurisdiction has been shown, a judgment rendered is not only bold, but is also usurpation. Jurisdiction is a fundamental prerequisite, and an usurpation thereof is a nullity. **22 Corpus Juris Secundum, ¶Criminal Law," §150 pg. 183**. The excessive exercise of authority has reference to want of power over the 'subject matter,' the result is void when challenged directly or collaterally. If it has reference merely to the judicial method of the exercise of power, the result

///// - 5  MOTION BROUGHT PUR. to Fed.R.Civ.P. 60(b)

is binding upon the parties to the litigation till reversed.... The former is usurpation, the latter error in judgment. **Voohees v. The Bank of United States** 35 U.S. 449, 474-75 (1836), the line which separates error in judgment from the usurpation of power is very definite.

**WHEREFORE,** Bryce William Malcolm, Petitoner's **Writ of Habeas Corpus** should not be DENIED but **Granted**. It is incumbent upon this Court, in the interest of justice, by and through the "Judicial Notice" [filed with this Court] as a neutral party between both Petitioner and Respondent's, upon it's own motion, to allow the Writ to go forward and to issue an **Order To Show Cause** to the Respondent's why a **Writ of Habeas Corpus** should not issue, within 30 days of service, in the 'showing' based upon the facts and points raised in the Writ, itself.

In the alternative for this Court to transfer this Common Law Writ/Habeas Corpus to a Court of Jurisdiction.

Dated: April 1, 2008

Respectfully submitted:

_____
Bryce William Malcolm /pro-se

///////////////

///// - 6  MOTION BROUGHT PUR. TO Fed.R.Civ.P. 60(b)